UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROBERT T. WILLIAMS (#297556)**                              CIVIL ACTION

**VERSUS**

**LA. DEPARTMENT OF CORR., ET AL.**                           NO. 07-0780-D-M2

<u>**NOTICE**</u>

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, March 5, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ROBERT T. WILLIAMS (#297556)**                                          **CIVIL ACTION**

**VERSUS**

**LA. DEPARTMENT OF CORR., ET AL.**                                **NO. 07-0780-D-M2**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the plaintiff's Motion to Re-Open, rec.doc.no. 7, wherein he asserts that this case should not have been closed because of his asserted failure to respond to the Court's deficiency notice. He contends that, inasmuch as he never received a copy of the referenced deficiency notice, he did not know that he was required to take timely action to correct the stated deficiency.

In the Court's view, the plaintiff's motion should be denied. In his motion, he makes reference to a second case filed by him, <u>Robert Tyrone Williams v. Richard L. Stalder, et al.</u>, Civil Action No. 07-0963-B-M2, which he asserts is the "same action", asserting the "same claims for relief, cause of action and same defendants". He further acknowledges that the second-filed case is proceeding forward without complication. Accordingly, the Court concludes that it would serve no purpose whatever to re-open the instant case because (1) this case would unquestionably ultimately be consolidated with the second-filed ongoing case, and (2) the granting of the plaintiff's motion would result in the plaintiff being assessed and required to pay the Court's filing fee, a financial obligation which the Court assumes the plaintiff would wish to avoid.

Accordingly, the Court concludes that the plaintiff's motion to re-open should be denied.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's Motion to Re-Open, rec.doc.no. 7, be **denied**.

Signed in chambers in Baton Rouge, Louisiana, March 5, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**